OPINION
On July 11, 1990, the Muskingum County Grand Jury indicted appellant, Gregory Sciance, on one count of trafficking in marijuana in violation of R.C. 2925.03(A)(1) and four counts of trafficking in LSD in violation of R.C. 2925.03(A)(5) and (A)(7) (Case No. C90-100A). By entry filed July 13, 1990, the trial court set bond at $20,000 to be secured by real estate, cash, sufficient solvent sureties, or the execution of an appearance bond with ten percent of the amount in accordance with Crim.R. 46.
A trial date was scheduled for September 18, 1990. Appellant failed to appear. On October 10, 1990, the Muskingum County Grand Jury indicted appellant for failure to appear in violation of R.C.2937.43 (Case No. CR90-0156).
On October 23, 1996, appellant was arrested pursuant to a warrant. On December 11, 1996, appellant pled guilty to all charges including the failure to appear charge. By judgment entry filed January 17, 1997, the trial court sentenced appellant to a one year term on the failure to appear charge, to run consecutive to the sentences he received on the other charges.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO A PERIOD OF INCARCERATION ON THE CHARGE OF FAILURE TO APPEAR CHARGED IN THE INDICTMENT.
II
 THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL THROUGH COUNSEL'S FAILURE TO OBJECT TO THE IMPOSITION OF A PRISON TERM HEREIN.
 I, II
Appellant's two assignments of error challenge the trial court's sentence on the failure to appear charge. Appellant argues the bond he filed was an appearance bond not a recognizance bond and therefore the proper penalty was forfeiture of the bond. Appellant further argues his trial counsel was ineffective for failing to object to the one year sentence. We agree.
Appellant pled guilty to failure to appear in violation of R.C. 2937.43 which states as follows:
 Should the accused fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code, the court having jurisdiction at the time of such failure may, in addition to any other action provided by law, issue a warrant for the arrest of such accused.
R.C. 2937.29 states as follows:
 When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code.
By entry filed July 13, 1990, the trial court set bond at $20,000 to be secured as follows:
(A) Execution of an appearance bond secured by
1. real estate located in Muskingum County.
2. the deposit of cash.
3. sufficient solvent sureties.
 (B) Execution of an appearance bond with ten percent (10%) of the said sum in accordance with Criminal Rule 46.
The bond appellant signed on July 23, 1997 was titled "Recognizance of Accused (Appearance Bond)" and states as follows:
 The condition of this recognizance is such that if the above bound defendant personally appears at all times required by this Court and complies with the orders of the Court and conditions of this bond the same shall be void; otherwise, it shall remain in full force and effect.
The question is whether this bond was a recognizance bond pursuant to R.C. 2937.29. The caption and the body of R.C.2937.29 refers to release on "own recognizance." Release on own recognizance is defined as "a condition under which an individual is released in lieu of bail, i.e., upon his or her promise to appear and answer a criminal charge." Barron's Law Dictionary (3 Ed. 1991) 407.
Crim.R. 46 governs bail. Subsections (C)(3) and (4) provide for preconviction release as follows:
 (C) Preconviction Release in Serious Offense Cases. Any person who is entitled to release under division (A) of this rule shall be released on personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judge or magistrate, unless the judge or magistrate determines that release will not ensure the appearance of the person as required. Where a judge or magistrate so determines, he or she, either in lieu of or in addition to the preferred methods of release stated above, shall impose any of the following conditions of release that will reasonably ensure the appearance of the person for trial or, if no single condition ensures appearance, any combination of the following conditions:
 (3) Require the execution of an appearance bond in a specified amount, and the deposit with the clerk of the court before which the proceeding is pending of either twenty-five dollars or a sum of money equal to ten percent of the amount of the bond, whichever is greater. Ninety percent of the deposit shall be returned upon the performance of the conditions of the appearance bond;
 (4) Require the execution of bail bond with sufficient solvent sureties, the execution of a bond secured by real estate in the county, or the deposit of cash or the securities allowed by law in lieu of a bond;
Appellant's bond was the type of bond described in Crim.R. 46(C)(3) and defined in R.C. 2937.281. The bond was not an "own recognizance bond" as described in R.C. 2937.29. We concur with the Attorney General of Ohio that the penalty for failure to appear under a bond pursuant to R.C. 2937.281 is forfeiture of the bond. See, 1987 Ohio Atty.Gen.Ops. No. 87-016. The trial court erred in sentencing appellant to a term of imprisonment under R.C.2937.99. Because appellant's trial counsel failed to object to the sentence, we find ineffective assistance of counsel pursuant to State v. Bradley (1989), 42 Ohio St.3d 136, and Strickland v.Washington (1984), 466 U.S. 668.
Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio is reversed.